UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SUBPOENA TO ARNOLD WORLDWIDE, LLC | |
| POM WONDERFUL LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>OCEAN SPRAY CRANBERRIES, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Misc. A. No. 11-MC-91182 |
| AND RELATED COUNTERCLAIM | |

**THIRD PARTY ARNOLD WORLDWIDE LLC'S
MOTION TO QUASH, OR IN THE ALTERNATIVE, TO MODIFY
PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

Third Party Arnold World Wide LLC ("Arnold Worldwide") hereby moves this Court for an order to Quash, or in the Alternative, to Modify Plaintiff's Subpoena to Testify at a Deposition in a Civil Action in the matter entitled Pom Wonderful LLC v. Ocean Spray Cranberries, Inc., Civil Action No. CV09-00565 DDP (RZx), currently pending in the United States District Court for the Central District of California. The grounds for the Motion are set forth more fully below.

I.      INTRODUCTION

Plaintiff Pom Wonderful LLC's ("Plaintiff' or "Pom") Deposition Subpoena stems from a case in the Central District of California. That Court has limited the discovery Pom can obtain from its adversary, Ocean Spray Cranberries, Inc. ("Ocean Spray"), to information relating to one product: Ocean Spray's Cranberry & Pomegranate Flavored Juice Blended with Three Juices

1

from Concentrate with Added Ingredients. For its part, Third Party Arnold Worldwide LLC ("Arnold Worldwide") is willing to provide discovery regarding that same product in response to Plaintiff's subpoena and requested that Pom limit the subpoena to the only product at issue. But Pom wants more. In other words, Arnold Worldwide simply asked that Pom observe the same outer limits of discovery from a third party as the Court has already established between the parties in interest. Pom refused and this proceeding unfortunately followed. To the extent Plaintiff's Deposition Subpoena seeks information beyond that one product, it is inappropriate, unduly burdensome and should be modified pursuant to Federal Rule of Civil Procedure 45.

## II.   FACTUAL BACKGROUND

**A.   The Lawsuit.**

On January 23, 2009, Plaintiff filed in the Central District of California, a complaint against Ocean Spray under the Lanham Act, 15 U.S.C. § 1125 and California's false advertising and unfair business practices statutes, Cal. Bus. & Prof. Code §§ 17500, 17200. Plaintiff alleges that Defendant falsely advertises its Cranberry & Pomegranate Flavored Juice Blended with Three Juices from Concentrate with Added Ingredients ("Cranberry & Pomegranate Flavored Juice Blend") by characterizing its cranberry and pomegranate juice, when it contains significant amounts of apple and grape juices. On July 30, 2009, Ocean Spray filed its Answer and Counterclaims. On July 12, 2011, Plaintiff filed its First Amended Complaint.

**B.   The Deposition Subpoena.**

Arnold Worldwide has not played any role in this litigation. Arnold Worldwide is the advertising agent of record for Ocean Spray, and has, over the years, developed many kinds of advertising for Ocean Spray, much of which was never communicated to consumers. In the waning days before the Fact Discovery Cut-Off, Arnold Worldwide was served with Plaintiff's Deposition Subpoena. The Deposition Subpoena commanded a designee from Arnold Worldwide to testify on the following topics:

1. All advertisements and marketing relating to *any* of Ocean Spray's juice products containing pomegranate, including but *not limited to* Ocean Spray's 100% Juice Cranberry Pomegranate Product, from 2005 to the present.

2. *Any and all reports or updates prepared for Ocean Spray*, including but not limited to competitive monthly analyses, beverage and healthy snacking highlights, and beverage competitive landscape analyses, from 2005 to the present.

3. Any and all surveys conducted for, or on behalf of, or in conjunction with Ocean Spray concerning *any products containing pomegranate*, from 2005 to the present.

4. Any and all work product performed for or on behalf of Ocean Spray, relating to *products with pomegranate in them*.

[*See* Declaration of Michael E. Pastore ("Pastore Decl."), ¶ 2, Exh. A (emphasis added).] The scope of these topics is sweeping. The time period at issue predates by two years the launch of the only Ocean Spray product at issue. The Deposition Subpoena seeks discovery of advertising and other draft materials that were never communicated to consumers, and, for that reasons, could not possibly be relevant to Plaintiff's claim. And, as stated below, the scope exceeds the bounds of discovery already established in Pom's case.

C. **The Central District of California Court Has Limited Discovery To One Specific Ocean Spray Product: Ocean Spray's Cranberry & Pomegranate Flavored Juice Blend.**

The scope of permissible discovery has already been litigated and established in the court in which Pom's action against Ocean Spray is pending. On October 12, 2010, Pom moved to compel the production of documents for all Ocean Spray products containing pomegranate. [*See id.*, at ¶ 3, Exh. B.] On November 3, 2010, the Magistrate Judge denied Plaintiff's motion to compel and entered an order limiting discovery to only one Ocean Spray product: Ocean Spray's Cranberry & Pomegranate Flavored Juice Blend. [*See id.*, at ¶ 4, Exh. C (finding that "Plaintiff's complaint addresses the alleged falsity of Defendant's advertising and marketing not of all products containing pomegranates, but of one specific product" and thus denying Plaintiff's

3

motion to compel further responses and production of documents concerning other of Defendant's products than the one specifically identified in the Complaint).]

### III. LEGAL ARGUMENT

**A. Pom Should Not Be Permitted To Obtain Broader Discovery From A Third Party Than It May Obtain From The Defendant.**

Discovery in the Central Distinct of California case is limited to one Ocean Spray product: Ocean Spray's Cranberry & Pomegranate Flavored Juice Blend. Yet, Plaintiff's Deposition Subpoena seeks to obtain discovery on all of Ocean Spray's products containing pomegranate. [*See id.* at ¶ 2, Exh. A.] As such, Plaintiff's Deposition Subpoena seeks to obtain broader discovery from a third party than that which the Court has permitted to the parties in the case. The Deposition Topics are overbroad and seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. While Arnold Worldwide is willing to designate a witness to testify as to the product at issue in the case, Plaintiff has refused to so limit its Deposition Subpoena. Arnold Worldwide thus requests that the Court limit Plaintiff's Deposition Subpoena to topics relating to the only Ocean Spray product at issue in the case: Ocean Spray's Cranberry & Pomegranate Flavored Juice Blend.

**B. This Court Must Quash or Modify Plaintiff's Subpoena Because It Is Unduly Burdensome.**

Federal Rule of Civil Procedure 45(c)(3)(A)(iv) provides that "the issuing court must quash or modify a subpoena that: (iv) subjects a person to undue burden." The burden Pom seeks to create for Arnold Worldwide cannot be justified. Unless the Deposition Subpoena is modified, Arnold Worldwide would be required to divert resources from its own business and designate a person or persons (which would include educating people with limited or no first-hand knowledge of the facts in question) regarding a variety of work performed for Ocean Spray, without any regard to whether the creative work ever made its way into advertising or not. Worse yet, by virtue of the Court's Order limiting the scope of discovery, Pom could not even

4

get the information from its adversary, Ocean Spray.  As such, Pom's overbroad Deposition Subpoena is a naked end run around that Order.

To reiterate, Arnold Worldwide has offered to respond fully to a subpoena that comes within the limits previously established in Pom's case. But because the Deposition Subpoena seeks information that is beyond the permissible scope of discovery in the case, it isunduly burdensome.  Pursuant to Federal Rule of Civil Procedure 45, the Deposition Subpoena must be quashed or modified.

### IV.     CONCLUSION

For the foregoing reasons, Arnold Worldwide respectfully requests that the Court grant its Motion to Quash, or in the Alternative, to Modify Plaintiff's Deposition Subpoena and appropriately limit the Deposition Topics to the only Ocean Spray product at issue: Ocean Spray's Cranberry & Pomegranate Flavored Juice Blend.

Dated, July 22, 2011                                         Respectfully Submitted,

ARNOLD WORLDWIDE, LLC

By its attorneys:

/s/ *Michael E. Pastore*
David G. Thomas (BBO# 640854)
Michael E. Pastore (BBO# 669692)
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
Tel: 617.310.6000
Email: pastorem@gtlaw.com

        Rick L. Shackelford
        GREENBERG TAURIG, LLP
        2450 Colorado Avenue, Suite 400E
        Santa Monica, California  90404
        Tel: (310) 586-7700; Fax: (310) 586-7800
        E-mail: ShackelfordR@gtlaw.com

        Lewis Rose
        KELLEY DRYE & WARREN LLP
        3050 K Street, NW, Suite 400
        Washington, DC 20007
        Tel: (202) 342-8582; Fax: (202) 342-8451
        E-mail:  lrose@kelleydrye.com

        August T. Horvath
        Steven P. Caley
        KELLEY DRYE & WARREN LLP
        101 Park Avenue
        New York, NY 10178-0002
        Tel: (212) 808-7528; Fax: (212) 808-7897
        E-mail:  ahorvath@kelleydrye.com

## **LOCAL RULE 7.1(A)(2) CERTIFICATE**

I, Michael E. Pastore hereby certify that on July 12, 2011, counsel for Arnold Worldwide has conferred in good faith with counsel for Plaintiff regarding the filing of this Motion and was unable to reach an agreement.

                                            */s/  Michael E. Pastore*
                                            Michael E. Pastore

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via U.S. First Class mail to those indicated as non-registered participants on July 22, 2011.

                                            /s/ *Michael E. Pastore*
                                            Michael E. Pastore